UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARCUS WASHINGTON, <br><br> Petitioner, <br> v. <br><br> WARDEN WILLIAM GITTERE, *et al.*, <br><br> Respondents. | Case No. 3:19-cv-00256-MMD-WGC <br><br> ORDER |

This habeas matter under 28 U.S.C. § 2254 by Marcus Washington ("Petitioner" or "Washington") comes before the Court on his application to proceed *in forma pauperis* (ECF No. 1) and motion for appointment of counsel (currently at ECF No. 1-2).

I. **PAUPER APPLICATION (ECF NO. 1)**

The pauper application is incomplete and will be denied without prejudice. Petitioner did not attach the financial documents required for an inmate to demonstrate pauper status. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, a petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate with the pauper application. Petitioner attached neither.

Petitioner must either pay the filing fee or demonstrate pauper status before the action will proceed forward. However, as discussed further below, the Court finds that a provisional grant of the motion for appointment of counsel is in the interests of justice, assuming financial eligibility.

However, Petitioner still must timely: (a) pay the filing fee or submit a proper pauper application; and (b) even if he pays the fee, submit an inmate account statement for the past six months that demonstrates his financial eligibility for appointment of counsel. If he fails to timely pay the filing fee or submit a proper pauper application, the action will be

dismissed without further advance notice. If he fails to demonstrate financial eligibility, the provisional appointment of counsel will not be confirmed.

With these qualifications, the Court turns to the motion for appointment of counsel.

## II. COUNSEL MOTION (ECF NO. 1-2)

Provisionally assuming financial eligibility, the Court finds that appointment of counsel is in the interests of justice, considering, *inter alia*: (a) the sentence, on the conviction for first-degree murder with the use of a deadly weapon, of life without the possibility of parole and a consecutive sentence of 96 to 240 months; (b) the number, complexity and potential substantiality of the potential procedural and substantive issues pertaining to what appears to have been tried as a capital case; (c) the questionable pleading ability demonstrated by Petitioner to date in a federal petition that consists essentially only of copies of his counsel's appellate briefing in the two state court appeals; and (d) the possibility that Petitioner may have substantial time remaining within the federal limitation period for federal habeas counsel to assert claims without having to rely on relation back for timeliness.[1]

The motion for appointment of counsel therefore will be provisionally granted, subject both to timely satisfaction of the filing fee requirement and confirmation of Petitioner's financial eligibility for appointment of counsel.

## III. CONCLUSION

It is therefore ordered that Petitioner's application to proceed *in forma pauperis* (ECF No. 1) is denied without prejudice. Washington must either pay the $5.00 filing fee or submit a properly completed pauper application within 30 days of entry of this order. This action will be dismissed without further advance notice if he fails to do so.

It is further ordered that the Clerk of Court file the Petition.[2]

---

[1] The Court makes no conclusive determination as to the status of the federal limitation period. Petitioner at all times remains responsible for calculating the running of the limitation period and timely asserting claims.

[2] The filing of the Petition does not signify that the pleading is free of deficiencies.

It is further ordered that the Clerk file the motion for appointment of counsel that was submitted with the Petition, that the motion is provisionally granted as set forth herein, and that the Clerk indicate the provisional grant of the motion in the docket entry for this order. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. The provisional grant of the motion is subject to Washington, within 30 days of entry of this order: (a) paying the filing fee or submitting a proper pauper application establishing pauper status, as directed above; and (b) if a properly-completed pauper application is not filed, filing a current inmate account statement for the past six months confirming his financial eligibility under 18 U.S.C. § 3006A.[3]

It further is ordered that the Clerk electronically serve this order upon the Federal Public Defender, that the Federal Public Defender is provisionally appointed as counsel, and that his office will have 30 days to either undertake direct representation of Petitioner or indicate to the Court the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court then will appoint alternate counsel.

It is further ordered that if the Federal Public Defender undertakes representation of Petitioner, counsel then will have 120 days from the filing of the notice of appearance within which to file a counseled amended petition and/or seek other relief. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto,

---

[3]It may be more practical for Washington to pay the filing fee, submit a properly-completed pauper application, and/or submit a current inmate account statement himself directly from within the prison. That is, Washington may be able to do these things himself from inside the prison more easily and more quickly than counsel would be able to do from outside. In all events, this order directs only the time within which the requirements must be satisfied, not the manner in which that is accomplished.

3

and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It further is ordered, so that Respondents may be electronically served with any papers filed through counsel, that the Clerk add state attorney general Aaron Ford as counsel for Respondents and make informal electronic service of this order upon Respondents by directing a notice of electronic filing to him. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response is required from Respondents until further order of the Court.

It is further ordered, for this particular case, that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or the staff attorney, unless later directed by the Court.

The Clerk will provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

Finally, the Clerk will provide Petitioner in proper person (a) a copy of this order, (b) a copy of the papers that he filed, (c) two copies of a pauper application form for an inmate; and (d) one copy of the instructions for the form if not otherwise included with the application form.

DATED THIS 16th day of May 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE