# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| MARCUS WASHINGTON,<br><br>Petitioner,<br>v.<br><br>WARDEN WILLIAM GITTERE, *et al.*,<br><br>Respondents. | Case No. 3:19-cv-00256-MMD-WGC<br><br>ORDER |

This is a counseled habeas corpus action under 28 U.S.C. § 2254. Currently before the Court is the first amended petition (the "Petition") for writ of habeas corpus. (ECF No. 16.) The Court has reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondents will need to file an answer or other response to the Petition.

It is therefore ordered that Respondents file a response to the first amended petition, including potentially by motion to dismiss, within 60 days from the date of entry of this order and that Petitioner may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by Respondents to the counseled first amended petition must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If

Respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

DATED THIS 9th day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE