UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARCUS WASHINGTON,

                     Petitioner,

    v.

WARDEN WILLIAM GITTERE, *et al.*,

                     Respondents.

Case No. 3:19-cv-00256-MMD-WGC

ORDER

## I.    SUMMARY

This is a *habeas corpus* action under 28 U.S.C. § 2254. Currently before the Court is Respondents' motion to dismiss. (ECF No. 27.) The Court finds that Petitioner Marcus Washington has exhausted his state-court remedies for ground 1(A) of his first amended petition. (ECF No. 16.) The Court also finds that ground 3 of the first amended petition is technically exhausted and procedurally defaulted. The Court defers a determination whether Petitioner can show cause and prejudice to excuse the procedural default until the petition is fully briefed on the merits.

## II.    BACKGROUND

After a jury trial, the state district court convicted Petitioner of one count of first-degree murder with the use of a deadly weapon. (ECF No. 17-13.) Petitioner appealed. The Nevada Supreme Court affirmed. (ECF No. 18-3.)

Petitioner then filed a post-conviction petition for a writ of *habeas corpus* in the state district court. (ECF No. 18-5.) The state district court appointed counsel, and Petitioner filed a counseled supplement to the petition. (ECF No. 18-8.) The state district court denied the petition. (ECF No. 18-11.) Petitioner appealed, and the Nevada Supreme Court affirmed. (ECF No. 18-15.)

///

1   Petitioner then commenced this action. The Court appointed counsel, and

2   Petitioner filed a counseled amended petition. (ECF No. 16.)

3   **III.   LEGAL STANDARD**

4   **A.   EXHAUSTION**

5   Before a federal court may consider a petition for a writ of *habeas corpus*, the

6   petitioner must exhaust the remedies available in state court. *See* 28 U.S.C. § 2254(b).

7   To exhaust a ground for relief, the petitioner must fairly present that ground to the state's

8   highest court, describing the operative facts and legal theory, and give that court the

9   opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365

10  (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

11  **B.   PROCEDURAL DEFAULT**

12  A federal court will not review a claim for habeas corpus relief if the decision of the

13  state court regarding that claim rested on a state-law ground that is independent of the

14  federal question and adequate to support the judgment. *See Coleman v. Thompson*, 501

15  U.S. 722, 730-31 (1991).

16  In all cases in which a state prisoner has defaulted his federal claims in state
    court pursuant to an independent and adequate state procedural rule,
17  federal habeas review of the claims is barred unless the prisoner can
    demonstrate cause for the default and actual prejudice as a result of the
18  alleged violation of federal law, or demonstrate that failure to consider the
    claims will result in a fundamental miscarriage of justice.
19

20  *Id.* at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The grounds for dismissal

21  upon which the Nevada Supreme Court would rely in this case are adequate and

22  independent state rules. *See Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev.

23  Rev. Stat. § 34.810); *Loveland v. Hatcher*, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat.

24  § 34.726); *Moran v. McDaniel*, 80 F.3d 1261 (9th Cir. 1996) (same).

25  ///

26  ///

27  ///

28  ///

2

## IV.   DISCUSSION

### A.   THE ACTION IS TIMELY

Respondents initially argued that the action as a whole is untimely. (ECF No. 27 at 6-9.) This was based upon a miscalculation when the one-year period of 28 U.S.C. § 2244(d)(1)(A) started. Respondents have conceded their error and withdrawn this argument. (ECF No. 65 at 3.)

### B.   GROUND 1(A) IS EXHAUSTED

Petitioner was charged with the killing of Robert Hicks. Petitioner wanted to introduce testimony from Devin Belanger that, while she, Petitioner, and Owens were at Owens' apartment, she overheard Owens tell Petitioner that he had shot and killed Hicks. The trial court did not allow the testimony.

In ground 1(A), Petitioner argues that the trial court's exclusion of the hearsay confession of Jason Owens violated the Fifth, Sixth, and Fourteenth Amendments. For the purposes of the motion to dismiss, the issue is the Sixth Amendment's right to present a defense. Respondents argue that on direct appeal Petitioner argued only that the exclusion of Owens' confession violated the Fifth and Fourteenth Amendments.

The relevant part of the opening brief on direct appeal lacks clarity. Petitioner titled the section as a violation of the Fifth and Fourteenth Amendments. (ECF No. 17-14 at 17.) After stating the facts, Petitioner started his statement of the law with, "It is clearly established federal law, as determined by the Supreme Court, that when a hearsay statement bears persuasive assurances of trustworthiness and is critical to the defense, the exclusion of that statement may rise to the level of a due process violation." (*Id.* at 13; ECF No. 17-14 at 20.) However, the case that Petitioner cited in support noted that exclusion of such a statement could violate both the Fifth Amendment's due-process right to a fair trial and the Sixth Amendment's right to present a defense. *See Chia v. Cambra*, 360 F.3d 997, 1004 (9th Cir. 2004). Petitioner's next sentence, a quotation, noted that the exclusion of some evidence can violate both the Fifth Amendment and the Sixth Amendment. (ECF No. 17-14 at 20.) Petitioner concluded with a quotation from *Perry v.*

3

1    *Rushen*, 713 F.2d 1447, 1450-51 (9th Cir. 1983), that the right to present a defense is
2    fundamental. (ECF No. 17-14 at 21.)

3           Nonetheless, the Nevada Supreme Court understood what Petitioner was arguing.
4    It noted that he argued "that he was deprived of his right to present a defense when the
5    district court excluded Belanger's hearsay testimony that Owens confessed to the
6    murder." (ECF No. 18-3 at 3.) The Nevada Supreme Court's ruling thus exhausted the
7    state-court remedies for ground 1(A). *See Sandgathe v. Maass*, 314 F.3d 371, 376-77
8    (9th Cir. 2002).

9           **C.    GROUND 3**

10                  **1.    Petitioner did not present ground 3 to the state courts**

11          Ground 3 contains five claims of ineffective assistance of trial counsel. Petitioner
12   acknowledges that he did not present any of these claims to the state courts. (ECF No.
13   16 at 41.)

14                  **2.    Ground 3 is technically exhausted**

15          Petitioner notes that if he returned to state court to exhaust this claim, then the
16   state courts would find his new post-conviction petition to be untimely under Nev. Rev.
17   Stat. § 34.726(1) and successive under Nev. Rev. Stat. § 34.810. Both of those statutes
18   allow a court to excuse the procedural bars upon a showing of cause and prejudice.
19   Petitioner notes that his only argument for cause and prejudice is the ineffective
20   assistance of post-conviction counsel. The Nevada Supreme Court does not accept
21   ineffective assistance of post-conviction counsel as an excuse to the procedural bars in
22   a case like Petitioner's. *See Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014). Consequently,
23   no available procedure remains for Petitioner to raise the claim in the state courts. *See*
24   28 U.S.C. § 2254(c).

25                  **3.    Ground 3 is procedurally defaulted**

26          Because the state courts would deny relief based upon state-law reasons that are
27   adequate and independent of federal law, ground 3 is procedurally defaulted. This Court
28   cannot consider ground 3 unless Petitioner can show cause and prejudice.

In federal courts the ineffective assistance of post-conviction counsel can be cause and prejudice to excuse a procedurally defaulted claim of ineffective assistance of trial counsel. *See Martinez v. Ryan*, 566 U.S. 1 (2012). Petitioner makes this argument. (ECF No. 56 at 6-41.) Respondents ask the Court to defer resolution of the *Martinez* issue until the petition is briefed fully on the merits. (ECF No. 65 at 8.) The Court will follow that procedure.

## V.    CONCLUSION

It therefore is ordered that Respondents' motion to dismiss (ECF No. 27) is granted in part. Ground 1(A) is exhausted. Ground 3 is actually unexhausted but is technically exhausted because it would be procedurally barred by the state courts.

It further is ordered that the Court defers consideration of whether Petitioner can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default of ground 3 until after the filing of an answer and reply in this action.

It further is ordered that, within 60 days of entry of this Order, Respondents must file an answer addressing all claims in the amended petition on the merits, under a *de novo* standard of review as to ground 3, and also addressing whether ground 3 is barred by procedural default under federal law.

It further is ordered that Petitioner will have 30 days from service of the answer within which to file a reply.

DATED THIS 26th Day of March 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE